IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Rebecca Herrera, individually and on behalf of similarly situated individuals,<br><br>        Plaintiff,<br><br>vs.<br><br>Clark County, Illinois,<br><br>        Defendant. | Civil Case No. 3:24-cv-01137 |

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Now comes Plaintiff, Rebecca Herrera, by Garth E. Flygare and Jacob N. Smallhorn of Smallhorn Law, LLC, her attorneys, and, for her Class and Collective Action Complaint and Demand for Jury Trial, states:

**INTRODUCTORY ALLEGATIONS**

1.      This is a class and collective action brought by Plaintiff, Rebecca Herrera, (hereinafter "Plaintiff") against Defendant, Clark County, Illinois (hereinafter "Defendant").

2.      The class and collective is composed of more than forty (40) individuals (hereinafter collectively the "Class") who, at some time between April 18, 2021 through the date of judgment herein (hereinafter the "Relevant Period"), were employed by Defendant.

3.      During the Relevant Period, Defendant designated Plaintiff and all other members of the Class as being "on call" during certain periods of their employment.

4.      During the Relevant Period, Defendant improperly underpaid employees designated as "on call," paying a lower hourly wage for periods when the Class employees were identified as being "on call."

5. During the Relevant Period, Defendant improperly calculated work hours for employees designated as "on call," failing to accurately calculate hours worked for purposes of overtime wages.

6. As a result of Defendant's class-wide "on call" classification, incorrect overtime calculations, and underpayment of wages, Defendant failed to pay Plaintiff and all other members of the Class compensation as required under the Federal Fair Labor Standards Act, 29 USC § 201 *et seq*. (hereinafter "FLSA" or the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. (hereinafter "IMWL" or the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. (hereinafter "IWPCA" or the "IWPCA"),.

7. Plaintiff brings this class and collective action against Defendant, individually and on behalf of the members of the Class, seeking to restrain Defendant from withholding minimum and overtime wages and seeking damages, including back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, and all other relief that the Court deems equitable and just under the circumstances.

**PARTIES AND JURISDICTION**

8. Plaintiff is an adult resident of Clark County, Illinois.

9. Plaintiff's written Consent to participate as a Plaintiff in this cause to recover unpaid wages and damages under the FLSA is attached hereto as <u>Exhibit A</u>.

10. Defendant, Clark County, Illinois, is a political subdivision of the State of Illinois.

11. During the Relevant Period, Plaintiff was employed by Defendant as an emergency medical technician.

12. During the Relevant Period, Defendant qualified as an employer of Plaintiff within the meaning of such term under the FLSA, 29 USC § 203, and the IMLA, 820 ILCS 105/3, and the IWPCA is applicable to Plaintiff's employment for Defendant under 820 ILCS 115/1.

13. This Court has personal jurisdiction over Defendant, has federal question subject matter jurisdiction of Plaintiff's FLSA claims pursuant to 28 USC § 1331, and has supplemental jurisdiction of Plaintiff's IMLA claims pursuant to 28 USC § 1367.

14. This Court is the proper venue for Plaintiff's claim based on the residency of the parties and the location of where the relevant events took place pursuant to 28 USC § 1391.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is employed as an emergency medical technician for Defendant, with such employment beginning July 10, 2016.

16. During the Relevant Period, Plaintiff and the Class have been restricted while on call as a condition of employment in the following ways:

   a. Being required to be on call and available to respond in case of an emergency.

   b. Being required to maintain availability at all times of on-call work.

   c. Being restricted from imbibing alcohol or other intoxicating substances while on call for work.

   d. Being restricted in how far away she can travel to six (6) miles from the station, and she has been required to immediately respond to calls and to arrive on scene with no delay.

   e. Being required to have an ambulance with her and under her control during on-call work, to maintain the vehicle, and to prepare the vehicle for immediate response to emergency calls.

      f.  Being required to conduct some work to maintain preparedness on Defendant's premises.

17. The restrictions on Plaintiff's time during on-call work have been sufficient to prohibit Plaintiff from the effective use of on-call time for her own personal uses.

18. The restrictions on Plaintiff's time during on-call work have been sufficient to prohibit Plaintiff from engaging in alternative employment during such on-call work.

19. Plaintiff and the Class have been paid $3 or less per hour for on-call time worked and substantially less than her standard rate of pay.

20. Plaintiff and the Class have regularly worked in excess of forty (40) hours per week when factoring in both regular hours and hours classified as on-call hours, but Defendant has failed to adequately compensate Plaintiff and the Class for overtime hours worked.

21. During the Relevant Period, Defendant has had actual or constructive knowledge that its practices with regard to nonpayment and underpayment of on-call hours and overtime is in violation of FLSA and IMWL but has engaged in the practice nonetheless.

22. Defendant has possession of attendance records and payroll records for Plaintiff and the Class during the Relevant Period.

## CLASS ALLEGATIONS

23. Plaintiff brings her IMWL and IWPCA claims in this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

24. The IMWL Rule 23 Class is defined in this matter as all individuals who, at any time during the Relevant Period, (a) worked for Defendant; and either or both (b) worked hours that were improperly designated or classified by Defendant as "on-call" hours and, as a result, were not paid minimum wage compensation by Defendant for such hours; or (c) worked hours in

excess of forty (40) in a workweek without compensation equal to one and one-half (1½) times their regular rate for employment for such overtime hours in violation of the IMWL (hereinafter the "IMWL Class").

25.     The IWPCA Rule 23 Class is defined in this matter as all individuals who, at any time during the Relevant Period, (a) worked for Defendant; and (b) were not fully paid earned wages within 13 days of earning such wages or as might be earlier required pursuant to 820 ILCS 115/4 in violation of the IWPCA (hereinafter, "the IWPCA Class").

26.     On information and belief, both the IMWL Class and the IWPCA Class are believed to exceed forty (40) individuals and is therefore so numerous that joinder of all members of the Class is impracticable.

27.     The questions of law and fact common to Plaintiff and the IMWL Class that predominate over any questions solely affecting individual members, include, but are not limited to:

   a. Whether Defendant misclassified hours for Plaintiff and the members of the IMWL Class as "on-call" hours during the Relevant Period;

   b. Whether Defendant violated the IMWL by paying less than minimum wage for hours worked and misclassified as "on-call" hours by Plaintiff and the members of the IMWL Class during the Relevant Period;

   c. Whether Defendant violated the IMWL by failing to pay one and one-half (1½) times the regular rate for employment to Plaintiff and the members of the IMWL Class for hours worked by such individuals in excess of forty (40) in each workweek during the Relevant Period.

28. The questions of law and fact common to Plaintiff and the IWPCA Class that predominate over any questions solely affecting individual members, include, but are not limited to:

    a. Whether Defendant fully paid Plaintiff and the members of the IWPCA Class for earned wages within 13 days of earning such wages, or as might be earlier required pursuant to 820 ILCS 115/4, throughout the Relevant Period; and

    b. Whether Defendant violated the IWPCA by failing to timely pay earned wages to Plaintiff and the members of the IWPCA Class during the Relevant Period.

29. Plaintiff's IMWL minimum wage claims and IWPCA claims against Defendant are typical of those of the Class.

30. Plaintiff, like the other members of the IMWL Class, was underpaid for hours misclassified by Defendant as on-call hours subject to a sub-minimum wage rate of pay during the Relevant Period.

31. Plaintiff, like the other members of the IMWL Class, did not receive one and one-half (1½) times the regular rate for employment from Defendant for overtime hours worked during the Relevant Period.

32. Defendant's misclassification of "on-call" hours and failure to properly compensate for overtime during the Relevant Period affected Plaintiff and all members of the IMWL Class in a similar way.

33. Defendant's failure to timely and fully pay Plaintiff and the members of the IWPCA Class for earned wages during the Relevant Period affected Plaintiff and all members of the IWPCA Class in a similar way.

34. Plaintiff and undersigned counsel are adequate representatives of the IMWL Class and the IWPCA Class.

35. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the IMWL Class and the IWPCA Class.

36. Plaintiff has no interests that are antagonistic to those of the IMWL Class or IWPCA Class that would cause Plaintiff to act adversely to the best interests of either Class.

37. Plaintiff has retained counsel experienced in class and collective actions and litigation of wage and hour disputes.

38. Plaintiff's claims under the IMWL and IWPCA are maintainable as a class action under Rules 23(b)(1), 23(b)(2), and 23(c)(4) of the Federal Rules of Civil Procedure because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of each Class which would establish incompatible standards of conduct for Defendant. Further, 820 ILCS 115/11 specifically authorizes an individual to bring a claim under the IWPCA on behalf of herself and similarly situated individuals.

39. Plaintiff's claims under the IMWL and IWPCA are maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to each Class predominate over any questions affecting only individual members of each Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who, at any time during the Relevant Period, (a) worked for Defendant; and either or both (b) worked hours that were

improperly designated or classified by Defendant as "on-call" hours and, as a result, were not paid minimum wage compensation or their regular rate for employment by Defendant for such hours; or (c) worked hours in excess of forty (40) in a workweek without compensation equal to one and one-half (1½) times their regular rate for employment for such overtime hours in violation of the FLSA (hereinafter the "Collective").

41. Plaintiff and the members of the Collective are similarly situated because (a) each worked for Defendant during the Relevant Period; and (b), during the Relevant Period, each was improperly underpaid for compensable hours misclassified as "on-call" hours below federal minimum wage and their regular rate for employment for such hours and/or underpaid for overtime hours worked in excess of forty (40) hours in a workweek, below one and one-half (1½) times their regular rate for employment for such overtime hours.

42. Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, Plaintiff and each member of the Collective is now owed (a) payment for all hours worked for Defendant during the Relevant Period in an amount equal to the federal minimum wage at the relevant time of such work; (b) payment at one and one-half (1½) times their regular rate for employment for all hours worked during the Relevant Period in excess of forty (40) hours in a workweek; plus (c) payment of statutory liquidated damages and costs and attorneys' fees as provided under the FLSA for Defendant's failure to appropriately pay wages during the Relevant Period.

**COUNT I – FAIR LABOR STANDARDS ACT**
(Failure to Pay Minimum Wage and Overtime)

43. Plaintiff hereby adopts and incorporates all preceding paragraphs herein by reference as if each such paragraph were fully set forth in this Count I.

44. The FLSA required Defendant to pay Plaintiff and all members of the Collective at an hourly rate at least equal to the federal minimum wage applicable at the time of employment for all compensable hours worked.

45. As set forth above, during the Relevant Period, Defendant misclassified hours worked by Plaintiff and all members of the Collective as "on-call" hours and paid less than the federal minimum wage applicable at the time of employment for such hours worked.

46. The FLSA required Defendant to pay Plaintiff and all members of the Collective for hours worked in a workweek in excess of forty (40) at an hourly rate equal to one and one-half (1½) times their regular rate for employment in the absence of a scheme that would provide compensatory time.

47. As set forth above, during the Relevant Period, Defendant failed to pay Plaintiff and all members of the Collective at an hourly rate equal to one and one-half (1½) times their regular rate for employment for hours worked in a workweek in excess of forty (40), and no scheme to provide compensatory time was applicable for such employment.

48. Defendant's failure to pay federal minimum wage and overtime wages to Plaintiff and all members of the Collective as required by the FLSA was willful, intentional, and in bad faith, with knowledge of such noncompliance with the law.

49. Plaintiff and all members of the Collective suffered damages as a result of Defendant's conduct.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
(Failure to Pay Minimum Wage and Overtime)

50. Plaintiff hereby adopts and incorporates all preceding paragraphs herein by reference as if each such paragraph were fully set forth in this Count II.

51. The IMWL required Defendant to pay Plaintiff and all members of the IMWL Class at an hourly rate at least equal to the Illinois minimum wage applicable at the time of employment for all compensable hours worked.

52. As set forth above, during the Relevant Period, Defendant misclassified hours worked by Plaintiff and all members of the IMWL Class as "on-call" hours and paid less than the Illinois minimum wage applicable at the time of employment for such hours worked.

53. The IMWL required Defendant to pay Plaintiff and all members of the IMWL Class for hours worked in a workweek in excess of forty (40) at an hourly rate equal to one and one-half (1½) times their regular rate for employment.

54. As set forth above, during the Relevant Period, Defendant failed to pay Plaintiff and all members of the IMWL Class at an hourly rate equal to one and one-half (1½) times their regular rate for employment for hours worked in a workweek in excess of forty (40).

55. Defendant's failure to pay Illinois minimum wage and overtime wages to Plaintiff and all members of the IMWL Class as required by the IMWL was willful, intentional, and in bad faith, with knowledge of such noncompliance with the law.

56. Plaintiff and all members of the IMWL Class suffered damages as a result of Defendant's conduct.

### COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Failure to Pay Wages)

57. Plaintiff hereby adopts and incorporates all preceding paragraphs herein by reference as if each such paragraph were fully set forth in this Count III.

58. The IWPCA required Defendant to pay Plaintiff and all members of the IWPCA Class earned wages within 13 days after the end of a semi-monthly or bi-weekly pay period, within 7 days of a weekly pay period, and within 24 hours for wages paid on a daily basis.

59. Defendant has failed to timely pay the wages of Plaintiff and all members of the IWPCA Class, including the wages for hours worked which were misclassified as "on-call" hours and overtime hours worked, and Defendant continues to withhold such wages.

60. Defendant's failure to timely pay Illinois minimum wage and overtime wages to Plaintiff and all members of the IWPCA Class as required by the IWPCA was willful, intentional, and in bad faith, with knowledge of such noncompliance with the law.

61. Plaintiff and all members of the IWPCA Class suffered damages as a result of Defendant's conduct.

## RELIEF SOUGHT

Wherefore, Plaintiff, Rebecca Herrera, individually and on behalf of similarly situated individuals, prays that this Court will grant the following relief against Defendant:

A. Permitting Plaintiff's Class claims under the IMWL and IWPCA to proceed as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay minimum wage compensation to Plaintiff and other members of the IMWL Class as required by the IMWL;

D. Judgment against Defendant for unlawful withholding of wages earned by Plaintiff and other members of the IWPCA Class in violation of the IWPCA;

E. Judgment against Defendant for failing to pay minimum wage compensation to Plaintiff and the Collective as required by the FLSA;

F. An award to Plaintiff and all members of the IMWL Class, IWPCA Class, and Collective in the amount of all unpaid wages found to be due and owing to Plaintiff and each member of the IMWL Class, IWPCA Class, and Collective;

G. An award of statutory liquidated damages and interest in amounts prescribed by the IMWL;

H. An award of statutory pre-judgment interest in amounts prescribed by the IWPCA;

I. An award of statutory liquidated damages in amounts prescribed by the FLSA;

J. An award of attorneys' fees and costs;

K. An Order enjoining Defendant from continuing its practices in misclassifying compensable hours as "on-call," refraining from paying overtime wages, and withholding earned wages from Plaintiff and all members of the IMWL Class, IWPCA Class, and Collective.

L. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

M. Such other, further, and different relief as this Court deems equitable and just under the circumstances.

## **JURY DEMAND**

Plaintiff, Rebecca Herrera, individually and on behalf of similarly situated individuals, hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 18th day of April, 2024.

        Respectfully submitted,

        Rebecca Herrera, individually and on behalf of similarly situated individuals, Plaintiff,

By: *s/ Garth E. Flygare*
    Garth E. Flygare
    of Smallhorn Law, LLC
    600 Jackson Avenue
    Charleston, Illinois 61920
    T: 217-348-5253
    E: gflygare@smallhornlaw.com
    ARDC: 6320617

and

By: *s/ Jacob N. Smallhorn*
    Jacob N. Smallhorn
    of Smallhorn Law, LLC
    600 Jackson Avenue
    Charleston, Illinois 61920
    T: 217-348-5253
    E: jsmallhorn@smallhornlaw.com
    ARDC: 6307031

*Counsel for Plaintiff and Class / Collective*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Rebecca Herrera, individually and on behalf )
of similarly situated individuals,           )
                                             )
        Plaintiff,                           )
                                             )
    vs.                                      )   Civil Case No. _____
                                             )
Clark County, Illinois,                      )
                                             )
        Defendant.                           )

## CONSENT TO JOINT LAWSUIT AND TO PROSECUTE CLAIMS UNDER THE FEDERAL FAIR LABOR STANDARDS ACT

I, __Rebecca Herrera__, being 18 years of age or older and of sound mind,
       Printed Name

do hereby consent to be party plaintiff to this joint lawsuit pursuant to 29 USC § 216(b) and for my attorneys to prosecute my claims under the Fair Labor Standards Act for unpaid wages in this cause.

_____    4-15-24
          Signature                 Date

Prepared by:
Garth E. Flygare
of Smallhorn Law, LLC
600 Jackson Avenue
Charleston, Illinois 61920
T: 217-348-5253
E: gflygare@smallhornlaw.com
ARDC: 6320617

*Counsel for Plaintiff and Class / Collective*

Page 1 of 1                                                              **Exhibit A**