**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Rebecca Herrera, individually and on Behalf of similarly situated individuals, | ) ) ) | |
| Plaintiffs, | ) ) | No. 24-cv-01137 |
| v. | ) ) | Honorable Nancy J. Rosenstengel |
| Clark County, Illinois, | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Defendant, Clark County of Illinois ("Defendant"), by and through its attorneys, TRESSLER LLP, and for its response in opposition to Plaintiffs' Motion to Compel to answer Plaintiff's untimely discovery requests and to supplement their disclosure, states as follows:

## BACKGROUND

1.      On April 18, 2024, Plaintiffs filed a three-count class action Complaint against Defendants, alleging violations of the Fair Labor Standards Act, Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act. ECF No. 1.

2.      On October 1, 2024, this Court ordered fact discovery to close by May 30, 2025. ECF No. 30.

3.      Plaintiffs did not issue written discovery or request an extension to the fact discovery deadline prior to May 30, 2025.

4.      Instead, Plaintiffs issued written discovery and Rule 26(a)(1) Initial Disclosures, over two months later, on August 11, 2025.

1

5. Given Plaintiffs' failure to issue written discovery within the fact discovery deadline, or request a timely extension, Defendant properly advised Plaintiffs that it would not respond to the untimely requests.

6. Now, Plaintiffs filed a motion to compel Defendant to answer their untimely written discovery requests arguing that the failure to adhere to the fact discovery deadline was not their fault, but the Defendant. Specifically, Plaintiffs argue that they issued written discovery on August 11, 2025 "after investigating the omissions of Defendant's Initial Disclosures." ECF No. 40, ¶ 12.

## ARGUMENT

**The Discovery Requests Are Untimely.**

7. Plaintiffs' written discovery requests were served seventy-three days after the close of fact discovery. A court's scheduling order controls the course of litigation and can be modified only for good cause and with this Court's consent. *See* Fed. R. Civ. P. 16(b)(4). Plaintiffs' failure to serve discovery before the deadline, or even request an extension, provides a sufficient basis for denial of the Motion to Compel.

**Plaintiffs' Justification is Inadequate and Contradictory.**

8. Plaintiffs argue that their delay was caused by the need to investigate "the omissions of Defendant's Initial Disclosures." ECF No. 40, ¶ 12. This argument is unpersuasive for two reasons.

9. First, the purpose of initial disclosures is distinct from the right to conduct written discovery. Defendant issued its Initial Disclosures and Plaintiffs provide no clear explanation as to why the content of those disclosures prevented them from issuing their own discovery requests *before* the May 30, 2025 deadline.

10.    Second, even accepting Plaintiffs' questionable premise that Defendant's Initial Disclosures caused the delay, Plaintiffs offer no explanation for why they waited four months after the disclosures to issue their written discovery. This extended period of inaction demonstrates a lack of diligence and supports the conclusion that the delay is attributable solely to Plaintiffs' failure to manage their case.

**Pattern of Litigation Non-Compliance.**

11.    Plaintiffs' disregard for the discovery deadline is not an isolated incident but part of a demonstrable pattern of failure to litigate this case in accordance with the Court's orders. Plaintiffs have:

    a.    Failed to timely respond to Defendants' written discovery requests, necessitating a successful Motion to Compel by Defendant.
    b.    Failed to timely present Plaintiffs for their depositions, necessitating a successful Motion to Compel by Defendant.
    c.    Failed to disclose any experts by the July 31, 2025 deadline.
    d.    Failed to file a motion for class certification and supporting memorandum by the September 1, 2025 deadline.
    e.    Failed to meet the Court-granted extension deadline of August 12, 2025, to seek further extensions for the expert and class certification deadlines. ECF No. 38.

12.    Plaintiffs' repeated non-compliance with the Scheduling Order constitutes a failure to participate in the litigation of this case. Granting the instant Motion to Compel would effectively reward this failure and prejudice the Defendant by unilaterally extending the litigation schedule, increasing costs, and undermining the finality of the Court's deadlines.

## <u>CONCLUSION</u>

13.    Plaintiffs have not established good cause for their untimely discovery requests and have demonstrated a persistent pattern of non-compliance with this Court's orders. Compelling the Defendant to respond to these requests, which were served long after the deadline, would be highly prejudicial and inconsistent with the requirements of the Federal Rules of Civil Procedure.

Based on the foregoing, Defendant Clark County of Illinois, respectfully request that this Honorable Court deny Plaintiffs' Motion to Compel and for any other relief that this Honorable Court deems fair and just.

Dated: December 2, 2025.

Respectfully submitted,

/s/ Andrew O'Donnell

Charles LeMoine
Darcy Proctor
Andrew O'Donnell
Tressler LLP
233 S. Wacker Dr., 61st Fl.
Chicago, IL 60606
clemoine@tresslerllp.com
dproctor@tresslerllp.com
dodonnell@tresslerllp.com
*Counsel for Defendant*

4

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that the aforementioned document was filed through the Court's CM/ECF system on December 2, 2025. Parties of record may obtain a copy through the Court's CM/ECF system.

/s/ *Andrew O'Donnell*